**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**YVONNE ANN EASTMAN,**

                      **Plaintiff,**

    **vs.**                                                           **3:13-cv-01334**
                                                                          **(MAD/DEP)**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                      **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**BINDER, BINDER LAW FIRM**          **CHARLES E. BINDER, ESQ.**
60 East 42nd Street
Suite 520
New York, New York 10165
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DAVID L. BROWN, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, Yvonne Eastman, retained Binder & Binder, LLC for representation in her appeal of the denial of Social Securities Benefits. *See* Dkt. No. 19-2 at ¶¶ 2-3. Presently before the Court is Plaintiff's motion for an award of attorney's fees, out of funds withheld from Plaintiff's past due benefits, pursuant to 42 U.S.C. § 406(b). The Commissioner has not opposed this motion. Dkt. No. 20 at 2.

### II. BACKGROUND

On January 20, 2011, Plaintiff requested an administrative hearing after being denied Social Security Disability ("SSD") Insurance benefits and Supplemental Security Income ("SSI") benefits. *See* Dkt. No. 19-2 at ¶ 1. Plaintiff appeared *pro se* at the December 22, 2011 hearing before Administrative Law Judge ("ALJ") Edward Pitts. *Id.* at ¶ 2. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* Following the ALJ's decision, Plaintiff retained Binder & Binder, LLC on May 7, 2012, to represent her in front of the Social Security Administration. *Id.* The Appeals Council declined to review the ALJ's decision and Plaintiff, with counsel, commenced an appeal with the United States District Court. *See id.* at ¶¶ 2-3.

Plaintiff entered into a retainer agreement with counsel, providing that if, following appeal, Plaintiff is awarded past due benefits, Plaintiff will pay counsel twenty-five percent of past-due benefits upon approval by the district court pursuant to § 406(b) of the Social Security Act. *See* Dkt. No. 19-2 at ¶ 3; Dkt. No. 19-4 at 2. Plaintiff filed a complaint with this Court on October 25, 2013. Dkt. No. 19-2 at ¶ 4. On July 1, 2014, the parties stipulated that the decision of the Commissioner would be reversed and this action would be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of further administrative proceedings. *See* Dkt. No. 13 at 1-2. This Court signed the Order and judgement was entered on July 2, 2014. *Id.* Following the successful appeal in this Court, Plaintiff sought and was awarded $4,071.48 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 19-2 at ¶ 5.

In response to the order of this Court, the Appeals Council vacated the final decision of the Commissioner and remanded to an ALJ for a second hearing. Dkt. No. 19-2 at ¶ 6. In a decision dated November 19, 2015, ALJ John M. Lischak found Plaintiff disabled within the

2

meaning of the Social Security Act from June 19, 2010 through September 30, 2013, a decision that became the Commissioner's final decision. *Id.* Plaintiff's counsel now moves for an award of attorney's fees, out of funds withheld from Plaintiff's past due benefits, pursuant to 42 U.S.C. § 406(b), in satisfaction of the contingency agreement between Plaintiff and her counsel.

### III. DISCUSSION

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful plaintiff's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the plaintiff and the attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792-93. Further, where fee awards are made under both § 406(b) and the EAJA, the plaintiff's attorney must refund the smaller amount to the plaintiff. *See id.* at 796.

In the present matter, in accordance with the fee agreement entered into between Plaintiff and her counsel, counsel seeks payment of twenty-five percent of the past-due benefits owed. *See* Dkt. No. 19-3 at 3; Dkt. No. 19-4 at 2. Twenty-five percent of the past-due benefits owed amounts to $8,451.00. Dkt. No. 19-1 at 1. Counsel performed twenty-one hours of work before this court and procured an award of fees in the amount of $4,071.48 under the EAJA. *See* Dkt. No. 19-3 at 2-3; Dkt. No. 19-4 at 4. Plaintiff's counsel has indicated that he will refund the previously awarded EAJA fees of $4,071.48 directly to Plaintiff in the event that he is awarded

3

twenty-five percent of the past due benefits as set forth in the retainer agreement. *See* Dkt. No. 19-3 at 3; Dkt. No. 19-4 at 2.

"When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable. It must give due deference to the intent of the parties . . . it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be windfall to the attorney." *Wells*, 907 F.2d at 372. In the present matter, Plaintiff requests this Court to award $8,451.00 for twenty-one hours of attorney work, at the rate of $402.43 per hour. *See* Dkt. No. 20 at 1. District courts in the Second Circuit have held that, on average an attorney spends twenty to forty hours on routine social security cases. *See Fisk v. Astrue*, No. 3:09-CV-00218, 2012 WL 5520672, *2 (N.D.N.Y. Nov. 14, 2012); *see also Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (S.D.N.Y. 1997). Here, counsel's time spent on the matter falls within the average range for routine social security cases. *See* Dkt. No. 19-4 at 4. Moreover, the hourly rate of $402.43 is not a windfall to the attorney. *See Patel v. Astrue*, No. 10-CV-1437, 2012 WL 5904333, *4 (E.D.N.Y. Nov. 26, 2012) (holding that an hourly rate of $650 was reasonable); *Filipkowski v. Barnhart*, No. 05-CV-01449, 2009 WL 2426008, *2 (N.D.N.Y. Aug. 6, 2009) (rejecting the government's claim that an hourly rate of $743.30 amounted to a windfall); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (holding that an award amounting to an hourly rate of $705 was reasonable).

The Court finds that $8,451.00, twenty-five percent of the past-due benefits, is reasonable, given the hours expended, the fact that counsel secured a favorable outcome for Plaintiff, and the Commissioner's lack of opposition to the request. There is no evidence of fraud or overreaching, and $8,451.00 would not be a windfall to counsel. *See Wells*, 907 F.2d at 372. Thus, counsel's motion for attorney's fees pursuant to § 406(b) is granted.

## IV. CONCLUSION

Accordingly, after reviewing counsel's submissions, the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees is **GRANTED** in the amount of **$8,451.00**; and the Court further

**ORDERS** that the Commissioner is directed to take the steps necessary to cause the amount of $8,451.00 to be made payable to counsel from the fund of withheld past-due benefits, in compliance with the requirements of the Social Security Act and implementing regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 3, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge